HI–TEK BAGS LIMITED, a foreign corporation, and Tri–Tek Inc., a/k/a Hi–Tek Designs London (U.S.A.) Inc., a California corporation, Plaintiffs,

v.

BOBTRON INTERNATIONAL INC., a California corporation, Cheval Design Studio Ltd., a foreign corporation, Pink House L.A., a business, Tommy Tsang, an individual, Wayne Chan, an individual, Charles DeTorre, an individual, Rush Hour Clothing, a/k/a Boy London, a business, Gigi Accessories Wholesalers, Inc., a California corporation, Miracles, a/k/a City Limits, a business, Avi Levy, an individual doing business as Miracles, Sahi Levy, an individual doing business as Miracles, Oko International Co., a Florida corporation, Ka Cheung Liang, an individual, Wing Fung Liang, an individual and Invasion Time Corporation, a/k/a Giordano, a California corporation, Defendants.

And Related Cross–Claims.

No. 92 34 31 R.

United States District Court,
C.D. California.

Aug. 27, 1993.

M. Scott Donahey, Holtzman Wise & Shepard, Palo Alto, CA, for plaintiffs Pilkington P.L.C., Pilkington Visioncare Inc., Pilkington Visioncare Pension Plan.

Frank Rothman, Harriet S. Posner, Skadden, Arps, Slate Meagher & Flom, Los Angeles, CA, for defendants Ronald O. Perelman, Howard Gittis, Jewel S. LaFontant, Bruce Slovin, Fred R. Sullivan, Pierre A. Rinfret, MacAndrew & Forbes Inc., Revlon Employees Retirement Plan, New Revlon Employees Retirement Plan, Does, 1 through 200.

Sheldon & Mak, Surjit P. Soni, Pasadena, CA, for plaintiffs, Hi–Tek Bags Ltd. and Tri–Tek Inc.

Law Offices of Edward D. Donovan by Edward D. Donovan, Pasadena, for defendants Rush Hour Clothing aka Boy London; Pink House L.A.; Tommy Tsang and Charles DeTorre.

STIPULATED REQUEST TO VACATE THIS COURT'S ORDERS OF JULY 23, 1992 AND JULY 30, 1993 AND REQUEST FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION

REAL, District Judge.

Plaintiffs HI–TEK BAGS LIMITED and TRI–TEK, INC. and defendants BOBTRON INTERNATIONAL, INC., RUSH HOUR CLOTHING, INC., aka BOY LONDON, TOMMY TSANG, CHARLES DeTORRE, PINK HOUSE L.A. jointly request this Court vacate its orders of July 23, 1992 and July 30, 1993 and to enter the Consent Judgment and Stipulated Permanent Injunctions submitted concurrently herewith.

Pursuant to the parties' request, the United States Court of Appeals for the Ninth Circuit has dismissed the pending appeals to allow this Court to vacate its orders of July 23, 1992 and July 30, 1993 which are the subject matter of the appeals and to enter the Consent Judgment and Permanent Injunction stipulated to by the parties. A certified copy of the Order of the United States Court of Appeals for the Ninth Circuit is attached hereto as Exhibit A.

The parties hereto have thoroughly reviewed the facts-in-evidence developed through discovery and agree that this Court's orders of July 23, 1992 and July 30, 1993 should be vacated *nunc pro tunc* in light of the evidence. The parties, through counsel of their selection, have reviewed the merits of the action and believe that the Consent Judgments and Permanent Injunctions submitted herewith should be entered.

IT IS HEREBY ORDERED that this Court's orders of July 23, 1992 and July 30, 1993 are hereby vacated *nunc pro tunc.*

EXHIBIT A

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HI–TEK INC., et al.,

Plaintiffs–Appellants,

v.

BOBTRON INTERNATIONAL INC., et al.,

Defendants–Appellees.

Nos. 92–56003, 92–56224 and 92–56571.

DC# CV–92–3431–R
Central California
(Los Angeles)

ORDER

Filed Aug. 6, 1993.

The court is informed that the parties have reached a tentative settlement of their dispute. Appellants' oral motion for voluntary dismissal of the appeal is granted, the parties to bear their own costs and fees. This appeal is dismissed without prejudice to reinstatement should the district court decline to enter the consent judgment stipulated to by the parties. Appellants must file notice of reinstatement within 28 days of the district court's action.

A certified copy of this order sent to the district court shall act as the mandate of this court.

FOR THE COURT:

/s/ David E. Lombardi, Jr.
David E. Lombardi, Jr.
Chief Circuit Mediator